***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award with minor modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement dated 1 October 2001 and at the deputy commissioner hearing as:
 STIPULATIONS
1. Plaintiff suffered an injury by accident on 14 June 2000.
2. A workers' compensation insurance policy was in effect on 14 June 2000 between defendant-employer and INSCORP, the carrier on the risk in this case.
3. The parties stipulated into the evidence in this matter stipulated exhibits one through eight. In addition, defendant-carrier introduced and the deputy commissioner admitted into evidence defendants' exhibits one through four.
4. The sole issue to be determined as a result of the hearing is whether plaintiff was covered as an employee under the workers' compensation insurance policy in effect in this case.
 ***********
Based upon the greater weight of the competent and credible evidence of record in this matter, the Full Commission makes the following additional
 FINDINGS OF FACT
1. Plaintiff is a Korean-American who speaks very little, if any, English.
2. Plaintiff owns a business that installs siding. This business is a sole proprietorship, as is evidenced by the company's tax returns for the years 1998-2000, the audit report of Langer Associates for the period 28 April 1999 through 1 August 1999, and the workers' compensation insurance policy declarations.
3. When necessary, plaintiff employed other workers to assist him with his siding business. These other workers were casual in nature and were not permanent or full-time employees. The tax returns and other evidence, including the subcontractor worksheet signed by plaintiff on 29 May 1999, demonstrate that, although plaintiff's business was a sole proprietorship, he did hire other employees on occasion when he needed assistance with a job. Plaintiff's tax records corroborate that plaintiff used and hired casual employees for the years 1998 through 2000.
4. Because plaintiff does not speak English, he sought the assistance of an insurance agent, Ha Kim, who speaks both Korean and English. The agent, Ha Kim, as is customary in the insurance business, filled out the paperwork for plaintiff's workers' compensation policy, and plaintiff signed the policy.
5. Plaintiff first purchased a workers' compensation policy through the National Workers Compensation Fund of N.C. (hereinafter, NWC Fund), which was self-insured. Plaintiff, with the assistance of agent Ha Kim, applied for this policy on 28 April 1998. In the policy application, plaintiff specifically excluded himself, as an executive officer of the corporation, from coverage under the policy. (However, plaintiff's company was not a corporation but a sole proprietorship, as found above.) Plaintiff signed this withdrawal of election of coverage, agreeing by his signature that he understood his election to be excluded from coverage. In the policy declaration, it is clearly listed that coverage did not apply to Hwa-Seok Kim (plaintiff herein).
6. The second page of the application has a section whereby individuals specifically could be included or excluded from the policy. There is no notation on this portion of the application that plaintiff should be included and therefore covered under the policy.
7. A second policy from NWC Fund was issued on 28 April 1999 when the first one expired. Plaintiff did not have to fill out a new application first. Nowhere on this new policy does it indicate that plaintiff was to be included in the coverage. Instead, the policy again includes the policy declaration that plaintiff was excluded from coverage under the policy.
8. NWC Fund went into liquidation and on 1 August 1999, at the request of the North Carolina Department of Insurance, INSCORP took over NWC Fund policy that covered plaintiff, a process which is called a "novation." There was no change in the policy despite the change in insurance carriers; instead, the new carrier issued a policy with the existing terms and without applications from the policy holders. This policy through INSCORP was to remain in effect through 31 July 2000.
9. On 14 June 2000 plaintiff sustained an injury by accident arising out of and in the course of his employment. Plaintiff had two fingers amputated in the accident. Plaintiff sought medical treatment and was treated by Dr. John S. Gaul of Charlotte Orthopedic Specialists. Dr. Gaul ultimately assigned a 75% permanent partial impairment rating to plaintiff's index finger, a 75% permanent partial impairment rating to plaintiff's middle finger, and a five percent permanent partial impairment rating to plaintiff's left hand.
10. Plaintiff testified that it was his belief and understanding that he was covered under the workers' compensation insurance policies through NWC Fund and INSCORP. However, considering the evidence to the contrary, plaintiff's testimony in that regard is not credible. The contrary evidence includes the following: the many times that the policy itself indicated that plaintiff was excluded, plaintiff's signatures on the policy asserting that he understood the policy, the fact that the agent who procured the policy for plaintiff spoke Korean and presumably was in a position as an agent to explain the policy's terms to plaintiff, and in particular plaintiff's statement to Dr. Gaul on 28 June 2000 that he was not covered under the workers' compensation policy.
11. Plaintiff did not offer the testimony of the agent, Ha Kim, to corroborate his assertion that he was not told that he needed to "opt in" and elect to be covered under the policy. The only testimony or evidence that plaintiff was not told of his option to opt in was from plaintiff himself, and this testimony, as found above, is not credible. The greater weight of the evidence fails to show that plaintiff at any time attempted to include and cover himself under the workers' compensation policies from 1998 through 2000; instead, the evidence shows that plaintiff in fact purposely excluded himself from coverage.
12. As a sole proprietor who did not elect to be covered under the workers' compensation policy, plaintiff was not covered thereunder.
 ***********
The foregoing stipulations and findings of fact result in the following additional
 CONCLUSIONS OF LAW
1. As a sole proprietor, plaintiff was not covered automatically by any workers' compensation policy that he obtained. In order to be covered under such policy, plaintiff would have had to specifically "opt in" and request to be covered. G.S. § 97-2(2). Plaintiff did not do so, and therefore was not covered under the workers' compensation policy in effect on the date of his injury by accident. G.S. § 97-2(2).
2. Plaintiff sustained an injury by accident arising out of and in the course of his employment on 14 June 2000. G.S. § 97-2(6). However, because plaintiff was not covered under the insurance policy in effect on the date of his injury by accident, plaintiff is not entitled to workers' compensation benefits.
3. For the foregoing reasons, plaintiff has not met his burden of proving that he is entitled to benefits under the Workers' Compensation Act. G.S. § 97-1 et seq.
 ***********
The foregoing findings of fact and conclusions of law result in the following
 ORDER
1. Plaintiff's claim is DENIED.
2. Defendant-carrier shall bear the costs of the interpreters.
3. Each party shall bear its own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER